IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN HESTER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-2350 |
| | : | |
| SPEEDWAY, LLC and HESS RETAIL STORES, LLC | : : | |

# MEMORANDUM OPINION

DAVID R. STRAWBRIDGE

UNITED STATES MAGISTRATE JUDGE                                           February 9, 2023

Presently before the Court are three Motions *in Limine* filed by Plaintiff (Docs. 48, 49, 50) and Defendant's responses thereto.[1] (Docs. 51, 52.)

**1. Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2014 Guilty Plea to Driving Under the Influence (Doc. 48)**

Plaintiff filed this Motion to prevent Defendant from referencing his guilty plea for a 2014 DUI at trial and claims his conviction is irrelevant under Federal Rule of Evidence 403. (Doc. 48 at 3.) We note that Plaintiff's Motion to exclude this evidence is unopposed. *See* E.D. Pa. Civ. R. 7.1(c) ("In the absence of timely response [fourteen days after service of the motion], the motion

---

[1] We note at the outset that Plaintiff's motions are untimely, and he has not provided justification for his late submissions. Motions *in limine* were to be filed by June 14, 2022. (*See* May 9, 2022 Scheduling Order, Doc. 32.) Plaintiff and Defendant both timely filed motions *in limine* and we ruled on those motions. (*See* Doc. 37.) After the motions *in limine* filing deadline passed, the trial date was pushed from September 2022 to January 2023 to March 2023, and subsequently to May 2023. (*See* Docs. 32, 39, 42, 53.) Defendant has not alleged any hardship due to the untimeliness of the instant motions. Accordingly, because the trial date was rescheduled multiple times after motions *in limine* were due to the Court and Defendant does not argue it has been prejudiced, we address each of these motions in turn.

1

may be granted as uncontested[.]"). Without the benefit of opposing argument, we still attempt to *sua sponte* analyze the admissibility of the 2014 DUI conviction under Federal Rule of Evidence 609. However, without more information about Plaintiff's conviction, we cannot determine whether his conviction was "punishable…by imprisonment for more than one year," as is required for a Rule 609(a)(1) analysis. Fed. R. Evid. 609(a)(1). We do not conclude that a DUI conviction is admissible under Rule 609(a)(2), as it is not a crime of dishonesty. *See* Fed. R. Evid. 609(a)(2). Therefore, we have no substantive basis upon which to contest Plaintiff's motion. Plaintiff's motion is granted as uncontested, and Defendant cannot impeach Plaintiff with his 2014 DUI conviction at trial.

2. **Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2021 Guilty Plea of Retail Theft-Taking Merchandise (Doc. 49)**

Plaintiff seeks to exclude any reference to of his 2021 guilty plea of retail theft and claims his conviction is irrelevant under Federal Rule of Evidence 403. (Doc. 49 at 3-4.) In response, Defendant argues that Plaintiff's conviction for a crime of dishonesty must be admitted under Federal Rule of Evidence 609(a)(2). (Doc. 52 at 5.) We agree with Defendant. Under Rule 609(a)(2), the Court "***must***" admit evidence of a witness's prior conviction if the crime required proof of, or an admission of, an act of dishonesty or false statements. Fed. R. Evid. 609(a)(2) (emphasis added.) The Third Circuit Court of Appeals has held that theft under 18 Pa.C.S.A. § 3921 is not a *crimen falsi* offense pursuant to Federal Rule of Evidence 609(a)(2). *See United States v. Johnson*, 388 F.3d 96, 100-102 (3d Cir. 2004). However, our Court of Appeals has not specifically addressed whether retail theft-taking of merchandise under Pennsylvania law is a *crimen falsi* offense. 18 Pa.C.S.A. § 3929(a) provides that:

(a) **Offense defined.**--A person is guilty of a retail theft if he:

> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;
>
> (2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;
>
> (3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or
>
> (4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.
>
> (5) destroys, removes, renders inoperative or deactivates any inventory control tag, security strip or any other mechanism designed or employed to prevent an offense under this section with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

18 Pa.C.S.A. § 3929. This Court, along with others in the Third Circuit, have held that retail theft-taking of merchandise under 18 Pa.C.S.A. § 3929 is distinguishable from theft generally under 18 Pa.C.S.A. § 3921 in that the statutory text requires proof of dishonesty. Accordingly, those courts have found that retail theft-taking of merchandise is a *crimen falsi* offense. *See Chappell v. Folino*, WL 1422575, at *9 (E.D. Pa. May 20, 2009); *United States v. McIntosh*, 2006 WL 293224, at *6 (M.D. Pa. Feb. 7, 2006); *Jackson v. City of Pittsburgh*, 2010 WL 2511380 at *3 (W.D. Pa. June 17, 2010). We agree with our colleagues who have been similarly tasked with interpreting 18 Pa.C.S.A. § 3929 and who have found that a conviction of retail theft-taking of merchandise is a *crimen falsi* offense. Therefore, in accordance with the text of Rule 609(a)(2) and

Third Circuit Court of Appeals' interpretation thereof, "if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." *Walker v. Horn,* 385 F.3d 321, 333 (3d Cir.2004) (internal quotations omitted.) Plaintiff's prior conviction of retail theft-taking of merchandise under 18 Pa.C.S.A. § 3929 constitutes *crimen falsi* and shall be admitted under Federal Rule of Evidence 609(a)(2) to impeach his credibility at trial.

   3. **Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2012 Guilty Plea of Retail Theft-Taking Merchandise (Doc. 50)**

Plaintiff seeks to exclude any reference to of his 2012 conviction of retail theft under Federal Rule of Evidence 609(b)(1) because it occurred more than 10 years ago. (Doc. 50 at 3-4.) He asserts that the prejudicial effect of admitting evidence of the conviction far outweighs any probative value it has and, therefore, any reference to it should be inadmissible. (*Id*. at 4.) In response, Defendant argues that the 2012 conviction should be admitted because when "taken in conjunction with the 2021 offense, it establishes a pattern of dishonest behavior" which is critical because Plaintiff's "credibility is a pertinent issue" in this case. (Doc. 51 at 5-6.) Defendant claims Plaintiff made credibility an issue when he failed to reveal he had fractured his left shoulder four months before falling on Defendant's property, in direct opposition to what was later revealed in his medical records. (*Id*. at 6-9.) We are persuaded by Defendant's argument.

As a threshold matter, we note that Plaintiff's 2012 retail theft-taking of merchandise conviction requires a different admissibility analysis than the one we performed for his 2021 retail theft-taking of merchandise conviction. Although, as we concluded above, retail theft-taking of merchandise under 18 Pa.C.S.A. § 3929 is *crimen falsi* and is required to be admitted under Federal Rule of Evidence 609(a)(2) for impeachment purposes, Rule 609(b)(1) places a limitation on the

automatic admission of *crimen falsi* convictions if the conviction is more than 10 years old. If more than 10 years have passed since the conviction, evidence of it is only admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

We are persuaded that the probative value of the 2012 conviction of a *crimen falsi* offense significant such that it outweighs any prejudice to the Plaintiff. Given the fact that Plaintiff's case rests primarily upon video footage and his own testimony, his "credibility [is] squarely at issue." *Jackson,* 2010 WL 2511380 at *4. In *Jackson*, the court was tasked with ruling on admissibility of the defendant's six prior convictions, two of which took place outside of the 10-year threshold. *Id*. at *1. The court decided that evidence of convictions of two "remote" non-*crimen falsi* offenses were admissible for impeachment purposes and reasoned that a crime that took place more than 10 years ago, coupled with a more recent crime of dishonesty may "establish a pattern of like behavior on Plaintiff's part and undermine his credibility," warranting admission. *Id.* at *3-*4. Here, the remote conviction is a *crimen falsi* offense, which would be automatically admitted if less than 10 years old, establishing an even more compelling basis for admission than existed for the two convictions admitted in *Jackson*.[2] *Id*. at *2. We agree with the *Jackson* court's reasoning that "[t]he prejudice to Plaintiff by admission of the remote crimes is not that great considering the admission of the other, more recent, crimes." *Id.* at *4. Therefore, considering the nature of the case and the balancing required by 609(b)(1), evidence of Plaintiff's 2012 conviction of retail theft-taking of merchandise may be used to impeach his credibility at trial.

---

[2] We note that, as of the date of this writing, the 2012 conviction is just a several months beyond the 10-year mark and would have been automatically admitted under 609(a)(2) had the trial taken place when it was originally scheduled.

For the foregoing reasons, Plaintiff's "Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2014 Guilty Plea to Driving Under the Influence" (Doc. 48) is **GRANTED**; "Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2021 Guilty Plea of Retail Theft-Taking Merchandise" (Doc. 49) is **DENIED**; and "Motion *in Limine* To Preclude Reference to Plaintiff, Franklin B. Hester's 2012 Guilty Plea of Retail Theft-Taking Merchandise" (Doc. 50) is **DENIED**. An appropriate Order follows.